**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| ROBERT PROPST, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:26-cv-00655 |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Wells Fargo Bank, N.A.[1] ("Wells Fargo" or "Defendant"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves the Court to dismiss Plaintiff Robert Propst's Amended Complaint (ECF 11, Amended Complaint) in its entirety because it fails to state a claim upon which relief can be granted. In support of this Motion, Wells Fargo states the following:

1. Propst retired from Wells Fargo in August 2023 after more than 38 years with the company and its predecessors. He now characterizes that retirement as a constructive discharge and asserts four claims: associational race discrimination and retaliation under 42 U.S.C. § 1981 (Count I); constructive discharge (Count II); negligent retention and supervision (Count III); and intentional infliction of emotional distress (Count IV).

2. Count I fails because Propst has not plausibly alleged an adverse employment action under either § 1981 theory. A single mid-year performance rating that did not reduce his compensation, title, responsibilities, or benefits is not actionable, and the conditions Propst describes were not so objectively intolerable as to convert his retirement into a constructive

[1]Plaintiff named Wells Fargo & Company as the defendant in this action. Wells Fargo & Company is not the proper defendant. Wells Fargo Bank, N.A. employed Propst.

discharge. Count I also fails because the Complaint does not plausibly allege that race was the but-for cause of any challenged action.

3. In Count II, Propst now seeks to establish a separate claim of constructive discharge in violation of 42 U.S.C. § 1981. Wells Fargo submits that constructive discharge is not a separate cause of action and for this reason alone the claim must be dismissed. In any event, even if the Court considered "constructive discharge" as a standalone claim, Propst has failed to allege sufficient facts to state such a claim.

4. Count III fails because Propst has not alleged a predicate common law tort. Propst cannot advance a negligent retention and supervision claim. Alleged discrimination and retaliation cannot supply one, and labeling his supervisor's conduct "tortious interference" does not plead the elements of that tort. Count III fails for the further reason that the Amended Complaint pleads no facts showing that Wells Fargo knew or should have known of the supervisor's alleged unfitness before the conduct at issue. Further, this claim is barred by the three-year statute of limitations.

5. Finally, in Count IV, Propst adds a claim for intentional infliction of emotional distress against Wells Fargo. To support his IIED claim, Propst maintains that Vasquez, not a defendant is this action, engaged in "a continuous, deliberate, and escalating course of discriminatory harassment, intimidation, humiliation, and retaliatory conduct directed toward Plaintiff." (ECF No. 11 at ¶ 154.) The conduct Propst complains of does not meet the high bar necessary to state an IIED claim as a matter of law. Further, the statute of limitations bars this claim.

6. The grounds for this Motion are set forth more fully in Defendant's Memorandum in Support of its Motion to Dismiss, filed contemporaneously herewith and incorporated by reference.

**WHEREFORE**, Wells Fargo respectfully requests that the Court grant this Motion, dismiss Plaintiff's Amended Complaint in its entirety and grant such other and further relief as the Court deems just and proper.

**Dated:** November 12, 2026

Respectfully submitted,

/s/ *Mary Grace Miller*
Mary Grace Miller (NC Bar No. 57395)
Lawrence D. Hilton (NC Bar No. 64966)
Fisher & Phillips, LLP
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 778-4191
Email: mgmiller@fisherphillips.com
Email: lhilton@fisherphillips.com

**ATTORNEYS FOR DEFENDANT**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| ROBERT PROPST, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:26-cv-00655 |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO & COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on November 12, 2026, this **DEFENDANT'S MOTION TO DISMISS** was served via the court's electronic filing system to all counsel of record.

This the 12th day of November 2026.

Respectfully submitted,

/s/ *Mary Grace Miller*
Mary Grace Miller
**FISHER & PHILLIPS LLP**